**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds,** | ) | FILED: AUGUST 28, 2008<br>08CV4933<br>JUDGE PALLMEYER<br>MAGISTRATE JUDGE BROWN |
| **Plaintiffs,** | ) | AO |
| **v.** | ) | **Case No.** |
| **DOUG & STEVE CONSTRUCTION, INC.,** | ) | |
| **Defendant.** | ) | |

**COMPLAINT**

Plaintiffs Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (the "Funds"), and plaintiff James S. Jorgensen ("Jorgensen"), Administrator of the Funds, by their undersigned attorneys, and for their Complaint against Defendant Doug & Steve Construction, Inc.:

**COUNT I**

**(Failure To Pay Employee Benefit Contributions)**

1. Jurisdiction is based on Sections 502(e)(1) and (2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1132(e)(1) and (2); Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a); and 28 U.S.C. §1331.

2. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391(a) and (b).

3. The Funds are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). The Funds have offices, conduct business and administer the plans within this District. Jorgensen is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts

which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago (the "Union"). With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

4.   Defendant Doug & Steve Construction, Inc. (hereinafter "the Company"), is a corporation in good standing according to the Indiana Secretary of State. The Company does business within this District and is an Employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of LMRA, 29 U.S.C. §185(a).

5.   The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Company are parties to a collective bargaining agreement ("Agreement"). A copy of the "short form" Agreement entered into between the Union and the Company, which Agreement adopts and incorporates a Master Agreement between the Union and various employer associations, and also binds the Company to the Funds' respective Agreements and Declarations of Trust, is attached hereto as Exhibit A.

6.   The Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the Safety Fund"), the Laborers' Employers' Cooperation & Education Trust ("LECET"), the Contractors' Association of Will and Grundy Counties (the "Will County Fund"), the Concrete Contractors' Association of Greater Chicago ("CCA"), and the CDCNI/CAWCC Conttractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), to act as an agent in the collection of contributions due to those funds.

7.   The Agreement obligates the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, for the training fund and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to the Funds remitted on behalf of each covered employee.

8. The Agreement further obligates the Company to procure, carry and maintain a surety bond to guarantee payment of wages, Pension and Welfare contributions for the duration of the Agreement.

9. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), and the terms of the Funds' Trust Agreements, the Company is liable to the Funds for unpaid contributions and related amounts, as well as interest and liquidated damages on the unpaid contributions, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

10. Notwithstanding the obligations imposed by the Agreement, the Company has:

(a) failed to report contributions owed to plaintiff Laborers' Pension Fund for July 2008 through the present, and failed to pay contributions to said Fund for April 2004 through December 2007, as identified in the audit report attached as Exhibit B, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b) failed to report all contributions owed to Plaintiff Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for July 2008 through the present, and failed to pay contributions to said Fund for April 2004 through December 2007, as identified in the audit report attached as Exhibit B, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c) failed to report contributions owed to Laborers' Training Fund for July 2008 through the present, and failed to pay contributions to said Fund for April 2004 through December 2007, as identified in the audit report attached as Exhibit B, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries; and

(d) failed to pay interest and liquidated damages owed, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), and the terms of the Funds' Trust Agreements, for late payments from certain months during the period of June 2007 through March 2008.

11. Despite demand duly made, the Company has not paid the required contributions or

other sums due.

12. All conditions precedent to requiring contributions and reports to the Funds have been met.

13. The Company's actions in failing to make timely reports and contributions violate Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against defendant Doug & Steve Construction, Inc. for the amounts of contributions owed to date, together with all accrued delinquencies after suit, interest, liquidated damages, attorneys' fees and costs, and an order directing Defendant to timely submit reports and upon demand by Plaintiffs submit to an audit, and any other legal and equitable relief as the Court deems appropriate.

**COUNT II**

**(Failure To Pay Union Dues)**

14. Plaintiff realleges paragraphs 1 through 8 of Count I.

15. Pursuant to the Agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which have been deducted from the wages of covered employees.

16. Notwithstanding the obligations imposed by the Agreement, the Company has failed to withhold and/or to report to and forward the union dues deducted or the Union dues that should have been deducted from the wages of employees for the period from April 2004 to December 2007, as identified in the audit report attached as Exhibit B, thereby depriving the Union of income.

17. Pursuant to the Agreement, the Company is liable to the Fund for the unpaid union dues, as well as reasonable attorneys' fees, as the Union's collection agent, and costs, and such other legal and equitable relief as the Court deems appropriate.

18. The Company's actions have violated and are violating Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against defendants Doug & Steve Construction, Inc. for the amount of the union dues owed to date together with all attorneys' fees and costs, and any other legal and equitable relief as the Court deems appropriate.

By:______________________________
Attorneys for Plaintiff

Wesley Kennedy
Karen I. Engelhardt
Angie Cowan
Josiah A. Groff
ALLISON, SLUTSKY & KENNEDY, P.C.
230 West Monroe Street Suite 2600
Chicago, Illinois 60606
(312) 364-9400

August 28, 2008



HEADQUARTERS OF

# Construction & General Laborers' District Council of Chicago and Vicinity

Affiliated with the Laborers International Union of North America, A. F. of L.-C. I. O.

6121 WEST DIVERSEY AVENUE • CHICAGO, ILLINOIS 60639 • TELEPHONE: 237-7537

LOCALS 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 260, 269, 288, 582, 681, 1001, 1002, 1006, 1035, 1092, 1094

Joseph A. Lombardo, Jr
Secretary-Treasurer

Ernest Kumerow
President
Business Manager

## MEMORANDUM OF JOINT WORKING AGREEMENT

It is hereby stipulated and agreed by and between Doug J Stone Const Inc. hereincalled the "EMPLOYER", and the CONSTRUCTION AND GENERAL LABORERS DISTRICT COUNCIL OF CHICAGO AND VICINITY, herein called the "UNION", representing and encompassing Local Nos. 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 260, 269, 288, 582, 681, 1001, 1002, 1006, 1035, 1092, and 1094, and encompassing the geographical areas of the Counties of Cook, Lake, Du Page, Will, Grundy, Kendall, Kane, McHenry, and Boone, in the State of Illinois, together with any other locals which may come within the jurisdiction of the UNION, that:

1. Employer, in response to the Union's claim that it represents an uncoerced majority of each Employer's laborer employees, acknowledges and agrees that there is no good faith doubt that the Union has been authorized to and in fact does represent such majority of laborer employees. Therefore, the Union is hereby recognized as the sole and exclusive collective bargaining representative for the employees now or hereafter employed in the bargaining unit with respect to wages, hours of work and other terms and conditions of employment in accordance with Section 9 of the National Labor Relations Act without the need for a Board Certified Election.

2. The EMPLOYER affirms and adopts the Collective Bargaining Agreements between the UNION and the Builders Association of Chicago and Vicinity, the Concrete Contractors Association of Greater Chicago, the Illinois Road Builders Association, the Underground Contractors Association, Mason Contractors Association of Greater Chicago, Street Paving and Ground Separation Contractors, Chicagoland Association of Wall and Ceiling Contractors, Chicago Building Wreckers Association, Lumber Trade Association, Lake County Contractors Association, Lake County Paving Contractors Association and Sewer Contractor Association, Association of Wall and Ceiling Contractors of Lake County, and all other associations with whom the District Council or any of its affiliated local unions has a duly negotiated agreement, and re-establishes all agreements from June 1, 1976, together with all amendment thereto. It is further agreed that where a contractor works in the jurisdiction of any local UNION, then the agreement of the local UNION is herein specifically incorporated in this agreement and shall supersede the standard District Council agreements in the case of any conflict between the District Council agreement and the local agreement having to do with wages, benefits, or conditions of employment. Nothing herein shall limit the jurisdiction of this agreement to less than that provided in this Memorandum of Agreement.

3. The EMPLOYER agrees to pay the amounts which (he) (it) is bound to pay under said Collective Bargaining Agreements to the HEALTH AND WELFARE DEPARTMENT OF CONSTRUCTION AND GENERAL LABORERS DISTRICT COUNCIL OF CHICAGO AND VICINITY, to the LABORERS' PENSION FUND, and to become bound by and be considered a party to the Agreements and the Declaration of Trust creating said Trust Funds as if (he) (it) had signed the original copies of the Trust Instruments and amendments thereto. The EMPLOYER ratifies and confirms the appointment of the EMPLOYER Trustees who shall, together with their successor Trustees designated in the manner provided in said Agreements and Declaration of Trusts and jointly with an equal number of Trustees appointed by the UNION, carry out the terms and conditions of the Trust Instruments.

The EMPLOYER further affirms and re-establishes that all prior contributions paid to the Welfare and Pension Funds were made by duly authorized agents of the EMPLOYER at the proper rates for the appropriate periods of time and that by making said prior contributions the EMPLOYER evidences the intent to be bound by the terms of the Trust Agreement and Collective Bargaining Agreements which were operative at the time the contributions were made, acknowledging the report form to be a sufficient instrument in writing to bind the EMPLOYER to the applicable agreements.

4. Employees covered by this Memorandum of Agreement shall retain all the work traditionally performed by laborers. The EMPLOYER agrees that he will not cause any such traditionally performed work to be done at a construction site by employees other than those covered by this Memorandum of Agreement, except with the prior written consent of the UNION. Any EMPLOYER who contracts out or sublets any of the work coming within the jurisdiction of the UNION shall assume the obligations of any subcontractor for prompt payment of employees' wages and other benefits, including reasonable attorneys' fees incurred in enforcing the provisions hereof. Notwithstanding any agreement to the contrary, the EMPLOYER'S violation of any provision of this paragraph will give the UNION the right to take any other lawful action, including all remedies at law or equity.

5. In the event of any change in the ownership, management, or operation of the EMPLOYER'S business by sale or otherwise, it is agreed that as a condition of such transfer or change it shall be provided in the instrument effecting the change that the new owner and management shall be fully bound by the terms and conditions of this Agreement. This Agreement is applicable to all successors and transferees of the EMPLOYER, whether corporate or otherwise.

6. The negotiated wage and fringe benefit contribution rates in the various collective bargaining agreements are as follows:

| | | |
|---|---|---|
| June 1, 1988 | $16.05 per hour | Wages |
| | 1.37 per hour | Health & Welfare Fund |
| To | 1.30 per hour | Pension Fund |
| | .10 per hour | Training Fund |
| | .02 per hour | M.C.I.A.F. |
| May 31, 1989 | Dues Deductions are $0.20 per hour for each hour worked. | |

June 1, 1989 — A Seventy five Cent (.75¢) per hour increase to be allocated between wages and benefits.
One Cent (.01¢) per hour Chicagoland Construction Safety Council.
To — Welfare and Pension remain as above unless additions are allocated.
Training remain as above unless additions are allocated.
M.C.I.A.F. remain as above.
May 31, 1990 — Dues deductions are $0.20 per hour unless notified of an increase.

June 1, 1990 — A Seventy Five Cent (.75¢) per hour increase to be allocated between wages and benefits.
Welfare and Pension remain as above unless additions are allocated.
To — Training remain as above unless additions are allocated.
M.C.I.A.F. and Chicagoland Construction Safety Council remain as above.
May 31, 1991 — Dues deductions are $0.20 per hour unless notified of an increase.

All additional wage rate, dues checkoff, or fringe benefit increases as negotiated after May 31, 1991 shall be incorporated in this Memorandum of Agreements.

7. Effective June 1, 1988 all EMPLOYERS covered by this Memorandum of Agreement incorporating the various Collective Bargaining Agreements shall deduct from the wages of employees covered by said contract, working dues in the amount of Twenty Cents ($.20¢) for each straight-time hour worked and Twenty Cents ($.20) for each overtime hour worked, and shall remit monthly to the UNION office designated to the EMPLOYER by the District Council the sums so deducted, together with an accurate list of employees from whose wages said dues were deducted and the amounts applicable to each employee, not later than the 15th day of the month following the month for which said deductions were made.

8. It is the intention of the parties that such deductions shall comply with the requirements of Section 302(c) (4) of the Labor Management Relations Act of 1947, as amended, and that such deductions be made only pursuant to written agreements from each employee on whose account such deductions are made, which assignment shall not be irrevocable for a period of more than one year or beyond the termination date of the Memorandum of Agreement, whichever occurs sooner.

9. This Agreement shall remain in full force and effect through the 31st day of May, 1991 and shall continue thereafter unless there has been given not less than sixty (60) days nor more than ninety (90) days from the expiration date written notice by registered or certified mail, by either party hereto, of the desire to modify and amend this Agreement through Negotiations. In the absence of such notice, the EMPLOYER and the UNION agree to be bound by the area-wide negotiated contracts with the various Associations, incorporating them into this Memorandum of Agreement and extending this Agreement for the life of the newly negotiated contract.

10. The employer acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The employer further acknowledges receipt of a copy of the complete Joint Working Agreement.

Dated at Laborers Hall this 21 day of August, 19 90

ACCEPTED:

Laborers' Local Union No. 5

By Dominick Palermo

CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY

By Ernest Kumerow
Ernest Kumerow, President Business Manager

By Joseph A. Lombardo, Jr.
Joseph A. Lombardo, Jr., Secretary-Treasurer

Torey Sommons
(Employer)

By Doug J Stone Const Inc
(Name & Title)

337 Carroll St Hammond Ind
ZIP 46390
(Address)

1-219-937-9286
(Telephone)

TRUST FUND

Exhibit A

DOUG & STEVE CONSTR., INC.
CASE # CHLAB-1207-1592
ACCOUNT # 21085
APRIL 1, 2004 THROUGH DECEMBER 31, 2007
*NO SOCIAL SECURITY NUMBERS*

Exhibit B

**Levinson Simon & Sprung, P.C.**
Certified Public Accountants

566 W. Lake St.
Suite 3 West
Chicago, IL 60661-1414
(312) 655-0037
Fax (312) 655-9145

March 31, 2008

Trustees Laborers' Pension Fund and
Health and Welfare Department of the
Construction and General Laborers'
District Council of Chicago and Vicinity
Jean Mashos, Director
11465 Cermak Road
Westchester, Illinois 60154

Re: Doug & Steve Constr., Inc.
Case # CHLAB-1207-1592
Acct # 21085

Gentlemen:

In accordance with your instructions we have performed certain agreed upon procedures to the payroll records presented for our inspection by the above mentioned employer. The purpose of the inspection was to determine the accuracy of the employer's monthly contributions to the Laborers' Pension Fund and Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the period April 1, 2004 through December 31, 2007. This agreed upon procedure engagement was performed in accordance with the standards established by the American Institute of Certified Public Accountants. The sufficiency of these procedures is solely the responsibility of the Laborers' Pension Fund and Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity. The accuracy of the payroll records and reporting to the Funds is the responsibility of the management of Doug & Steve Constr., Inc. We have applied the prescribed procedures to those records and reports.

Attached hereto are yearly schedules showing the detail of the under-reported hours and computation of the amounts due to the Funds. The findings consist of under-reported wages and hours of individuals on payroll doing covered work that have been previously reported to the Funds. Separate schedules and summaries have been prepared according to the funds due.

Our examinations indicated that the employer owes the following amounts for the period audited, exclusive of interest.

| | Amount Due |
|---|---|
| Welfare Fund | $ 2,720.53 |
| Pension Fund | 1,700.27 |
| Training Fund | 76.31 |
| IAF | 19.92 |
| LDCLMCC | 34.14 |
| LECET | 17.07 |
| Dues | 158.28 |
| Total | $ 4,726.52 |

Trustees Laborers' Pension Fund and
Health and Welfare Department of the
Construction and General Laborers'
District Council of Chicago and Vicinity
March 31, 2008
Page Two
Case # CHLAB-1207-1592

We were not engaged to, and did not, perform an examination, the objective of which would be the expression of an opinion on the accompanying report. Accordingly, we do not express such an opinion. Had we performed additional procedures, other matters might have come to our attention that would have been reported to you.

We shall be pleased to furnish any additional information desired and have attached our bill for services.

Very truly yours,

Levinson Simon & Sprung /HBL

LEVINSON SIMON & SPRUNG P.C.
Howard B. Levinson, CPA, MBA

HBL/lab

Enclosures

cc: Denise Ayala

**Levinson Simon & Sprung, P.C.**

Reconciliation of Differences Per Year

PENSION AND WELFARE FUNDS OF CHICAGO LABORERS
DOUG & STEVE CONSTR. INC.
Case #: ChLab-1207-1592
Audit Period: 4/1/2004 thru 12/31/2007
Fiscal Year End: May

**ALL FUNDS**

| Fiscal Year Ending | MAY 2007 | MAY 2006 | MAY 2005 | MAY 2004 | Total |
|---|---|---|---|---|---|
| Dollars Not Reported | 0.00 | 788.40 | 6,510.55 | 1,745.56 | 9,044.51 |
| Hours Not Reported | 0.00 | 5.50 | 237.00 | 42.00 | 284.50 |
| **Dollar Amount Due** | | | | | |
| Welfare Fund | 0.00 | 37.73 | 1,495.47 | 175.14 | 1,708.34 |
| Pension Fund | 0.00 | 21.67 | 815.28 | 141.96 | 978.91 |
| Training Fund | 0.00 | 0.94 | 40.29 | 7.14 | 48.37 |
| IAF | 0.00 | 0.39 | 16.59 | 2.94 | 19.92 |
| LDCLMCC | 0.00 | 0.66 | 28.44 | 5.04 | 34.14 |
| LECET | 0.00 | 0.33 | 14.22 | 2.52 | 17.07 |
| Dues | 0.00 | 13.80 | 113.93 | 30.55 | 158.28 |
| **Total** | **0.00** | **75.51** | **2,524.22** | **365.29** | **2,965.02** |
| | | | | Liquidated Damages | 4,833.47 |
| | | | | Dues Penalties | 36.80 |
| | | | | Audit Fee | 1,051.40 |
| | | | | **Total Amount Due** | **8,886.68** |

**Manager:** Betar, Leia
**Auditor:** Betar, Leia

# Levinson Simon & Sprung, P.C.
## Detail Report
## Report Date: 3/31/2008

PENSION AND WELFARE FUNDS OF CHICAGO LABORERS
DOUG & STEVE CONSTR. INC.
Case #: ChLab-1207-1592 Year Ended: May, 2004
Contract: CCA & *CCA

Contributions computed by Amount per Hour

| SSN | Name | JUN 2003 | JUL 2003 | AUG 2003 | SEP 2003 | OCT 2003 | NOV 2003 | DEC 2003 | JAN 2004 | FEB 2004 | MAR 2004 | APR 2004 | MAY 2004 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| xxxx-xx-1374 | AVILA, JOSE | | | | | | | | | | | | 5.50 | 5.50 |
| xxxx-xx-3440 | CHAVEZ, MANUEL | | | | | | | | | | | | 6.00 | 6.00 |
| xxxx-xx-2157 | KUSTRIC, OMAR | | | | | | | | | | | | 14.50 | 14.50 |
| xxxx-xx-0165 | NOAK, ALBERT | | | | | | | | | | | | 16.00 | 16.00 |
| | Total Hours | | | | | | | | | | | | 42.00 | 42.00 |

## Rate Table

| Fund | Rate | JUN 2003 | JUL 2003 | AUG 2003 | SEP 2003 | OCT 2003 | NOV 2003 | DEC 2003 | JAN 2004 | FEB 2004 | MAR 2004 | APR 2004 | MAY 2004 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare Fund | $4.1700 | | | | | | | | | | | | 175.14 | 175.14 |
| Pension Fund | $3.3800 | | | | | | | | | | | | 141.96 | 141.96 |
| Training Fund | $0.1700 | | | | | | | | | | | | 7.14 | 7.14 |
| IAF | $0.0700 | | | | | | | | | | | | 2.94 | 2.94 |
| LDCLMCC | $0.1200 | | | | | | | | | | | | 5.04 | 5.04 |
| LECET | $0.0600 | | | | | | | | | | | | 2.52 | 2.52 |
| Total | | | | | | | | | | | | | 334.74 | 334.74 |

PENSION AND WELFARE FUNDS OF CHICAGO LABORERS
DOUG & STEVE CONSTR. INC.
Case #: ChLab-1207-1592 Year Ended: May, 2004
Contract: CCA & *CCA

# Levinson Simon & Sprung, P.C.
## Detail Report
## Report Date: 3/31/2008

Employees

Contributions computed as Percentage of Dollars Paid

| SSN | Name | JUN 2003 | JUL 2003 | AUG 2003 | SEP 2003 | OCT 2003 | NOV 2003 | DEC 2003 | JAN 2004 | FEB 2004 | MAR 2004 | APR 2004 | MAY 2004 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| xxxx-xx-1374 | AVILA, JOSE | | | | | | | | | | | | 501.00 | 501.00 |
| xxxx-xx-3440 | CHAVEZ, MANUEL | | | | | | | | | | | | 188.50 | 188.50 |
| xxxx-xx-2157 | KUSTRIC, OMAR | | | | | | | | | | | | 497.17 | 497.17 |
| xxxx-xx-0165 | NOAK, ALBERT | | | | | | | | | | | | 558.89 | 558.89 |
| | **Total Dollars Paid** | | | | | | | | | | | | **1,745.56** | **1,745.56** |

| | | JUN 2003 | JUL 2003 | AUG 2003 | SEP 2003 | OCT 2003 | NOV 2003 | DEC 2003 | JAN 2004 | FEB 2004 | MAR 2004 | APR 2004 | MAY 2004 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dues | 1.7500% | | | | | | | | | | | | 30.55 | 30.55 |
| **Total** | | | | | | | | | | | | | **30.55** | **30.55** |

**Levinson Simon & Sprung, P.C.**
**Detail Report**
**Report Date: 3/31/2008**

PENSION AND WELFARE FUNDS OF CHICAGO LABORERS
DOUG & STEVE CONSTR. INC.
Case #: ChLab-1207-1592 Year Ended: May, 2005
Contract: CCA & #CCA

**Contributions computed by Amount per Hour**

| SSN | Name | JUN 2004 | JUL 2004 | AUG 2004 | SEP 2004 | OCT 2004 | NOV 2004 | DEC 2004 | JAN 2005 | FEB 2005 | MAR 2005 | APR 2005 | MAY 2005 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| xxxx-xx-1374 | AVILA, JOSE | 25.00 | | | | | | 30.50 | | | | | | 55.50 |
| xxxx-xx-3440 | CHAVEZ, MANUEL | 24.00 | | | | | | | | | | | | 24.00 |
| xxxx-xx-2157 | KUSTRIC, OMAR | 1.50 | | | | | | | | | | | | 1.50 |
| xxxx-xx-8030 | LULE, J. | | | | | | | | | | | 5.50 | | 5.50 |
| xxxx-xx-0165 | NOAK, ALBERT | 74.00 | | 30.50 | | | | | | | | | | 104.50 |
| xxxx-xx-3346 | TORRES, JUAN | 46.00 | | | | | | | | | | | | 46.00 |
| | **Total Hours** | **170.50** | | **30.50** | | | | **30.50** | | | | **5.50** | | **237.00** |

**Rate Table**

| Fund | Rate | JUN 2004 | JUL 2004 | AUG 2004 | SEP 2004 | OCT 2004 | NOV 2004 | DEC 2004 | JAN 2005 | FEB 2005 | MAR 2005 | APR 2005 | MAY 2005 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare Fund | $6.3100 | 1,075.86 | | 192.46 | | | | 192.46 | | | | 34.71 | | 1,495.47 |
| Pension Fund | $3.4400 | 586.52 | | 104.92 | | | | 104.92 | | | | 18.92 | | 815.28 |
| Training Fund | $0.1700 | 28.99 | | 5.19 | | | | 5.19 | | | | .94 | | 40.29 |
| IAF | $0.0700 | 11.94 | | 2.14 | | | | 2.14 | | | | .39 | | 16.59 |
| LDCLMCC | $0.1200 | 20.46 | | 3.66 | | | | 3.66 | | | | .66 | | 28.44 |
| LECET | $0.0600 | 10.23 | | 1.83 | | | | 1.83 | | | | .33 | | 14.22 |
| **Total** | | **1,733.99** | | **310.19** | | | | **310.19** | | | | **55.94** | | **2,410.29** |

**Levinson Simon & Sprung, P.C.**
**Detail Report**
**Report Date: 3/31/2008**

Employees

PENSION AND WELFARE FUNDS OF CHICAGO LABORERS
DOUG & STEVE CONSTR. INC.
Case #: ChLab-1207-1592 Year Ended: May, 2005
Contract: CCA & *CCA

Contributions computed as Percentage of Dollars Paid

| SSN | Name | JUN 2004 | JUL 2004 | AUG 2004 | SEP 2004 | OCT 2004 | NOV 2004 | DEC 2004 | JAN 2005 | FEB 2005 | MAR 2005 | APR 2005 | MAY 2005 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| xxxx-xx-1374 | AVILA, JOSE | 961.98 | | | | | | 256.01 | | | | | | 1,217.99 |
| xxxx-xx-3440 | CHAVEZ, MANUEL | 653.27 | | | | | | | | | | | | 653.27 |
| xxxx-xx-2157 | KUSTRIC, OMAR | 43.50 | | | | | | | | | 216.00 | | | 259.50 |
| xxxx-xx-0165 | NOAK, ALBERT | 2,146.00 | | 884.50 | | | | | | | | | | 3,030.50 |
| xxxx-xx-3346 | TORRES, JUAN | 1,349.29 | | | | | | | | | | | | 1,349.29 |
| | **Total Dollars Paid** | **5,154.04** | | **884.50** | | | | **256.01** | | | **216.00** | | | **6,510.55** |

| | | JUN 2004 | JUL 2004 | AUG 2004 | SEP 2004 | OCT 2004 | NOV 2004 | DEC 2004 | JAN 2005 | FEB 2005 | MAR 2005 | APR 2005 | MAY 2005 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dues | 1.7500% | 90.20 | | 15.48 | | | | 4.48 | | | 3.78 | | | 113.93 |
| Total | | **90.20** | | **15.48** | | | | **4.48** | | | **3.78** | | | **113.93** |

**Levinson Simon & Sprung, P.C.**
**Detail Report**
**Report Date: 3/31/2008**

PENSION AND WELFARE FUNDS OF CHICAGO LABORERS
DOUG & STEVE CONSTR. INC.
Case #: ChLab-1207-1592 Year Ended: May, 2006
Contract: CCA & *CCA

**Contributions computed by Amount per Hour**

| SSN | Name | JUN 2005 | JUL 2005 | AUG 2005 | SEP 2005 | OCT 2005 | NOV 2005 | DEC 2005 | JAN 2006 | FEB 2006 | MAR 2006 | APR 2006 | MAY 2006 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| xxxx-xx-1374 | AVILA, JOSE | | | | .50 | | | | | | | | | .50 |
| xxxx-xx-1518 | MUNOZ, DONOVAN | | 4.50 | | | | | | | | | | | 4.50 |
| xxxx-xx-3346 | TORRES, JUAN | | .50 | | | | | | | | | | | .50 |
| | Total Hours | | 5.00 | | .50 | | | | | | | | | 5.50 |

## Rate Table

| Fund | Rate | JUN 2005 | JUL 2005 | AUG 2005 | SEP 2005 | OCT 2005 | NOV 2005 | DEC 2005 | JAN 2006 | FEB 2006 | MAR 2006 | APR 2006 | MAY 2006 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare Fund | $6.8600 | | 34.30 | | 3.43 | | | | | | | | | 37.73 |
| Pension Fund | $3.9400 | | 19.70 | | 1.97 | | | | | | | | | 21.67 |
| Training Fund | $0.1700 | | .85 | | .09 | | | | | | | | | .94 |
| IAF | $0.0700 | | .35 | | .04 | | | | | | | | | .39 |
| LDCLMCC | $0.1200 | | .60 | | .06 | | | | | | | | | .66 |
| LECET | $0.0600 | | .30 | | .03 | | | | | | | | | .33 |
| Total | | | 56.10 | | 5.61 | | | | | | | | | 61.71 |

**Levinson Simon & Sprung, P.C.**
***Detail Report***
**Report Date: 3/31/2008**

PENSION AND WELFARE FUNDS OF CHICAGO LABORERS
DOUG & STEVE CONSTR. INC.
Case #: ChLab-1207-1592 Year Ended: May, 2006
Contract: CCA & *CCA

**Contributions computed as Percentage of Dollars Paid**

| SSN | Name | JUN 2005 | JUL 2005 | AUG 2005 | SEP 2005 | OCT 2005 | NOV 2005 | DEC 2005 | JAN 2006 | FEB 2006 | MAR 2006 | APR 2006 | MAY 2006 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| xxxx-xx-1374 | AVILA, JOSE | | | 788.40 | | | | | | | | | | 788.40 |
| | **Total Dollars Paid** | | | **788.40** | | | | | | | | | | **788.40** |

| | | JUN 2005 | JUL 2005 | AUG 2005 | SEP 2005 | OCT 2005 | NOV 2005 | DEC 2005 | JAN 2006 | FEB 2006 | MAR 2006 | APR 2006 | MAY 2006 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dues | 1.7500% | | | 13.80 | | | | | | | | | | 13.80 |
| **Total** | | | | **13.80** | | | | | | | | | | **13.80** |

**Levinson Simon & Sprung, P.C.**

Reconciliation of Differences Per Year

PENSION AND WELFARE FUNDS OF CHICAGO LABORERS
DOUG & STEVE CONSTR. INC.
Case #: ChLab-1207-1592
Audit Period: 4/1/2004 thru 12/31/2007
Fiscal Year End: May

**ALL FUNDS EXCEPT DUES, LDCLMCC, LECET AND CCA**

| Fiscal Year Ending | MAY 2008 | Total |
|---|---|---|
| Hours Not Reported | 127.00 | 127.00 |
| **Dollar Amount Due** | | |
| Welfare Fund | 1,012.19 | 1,012.19 |
| Pension Fund | 721.36 | 721.36 |
| Training Fund | 27.94 | 27.94 |
| **Total** | **1,761.49** | **1,761.49** |

**Manager:** Betar, Leia
**Auditor:** Betar, Leia

**Total Amount Due** **1,761.49**

PENSION AND WELFARE FUNDS OF CHICAGO LABORERS
DOUG & STEVE CONSTR. INC.
Case #: ChLab-1207-1592
Contract: CCA & *CCA

Year Ended: May, 2008

**Levinson Simon & Sprung, P.C.**
**Detail Report**
**Report Date: 3/31/2008**

Others/Unknown

**Contributions computed by Amount per Hour**

| SSN | Name | JUN 2007 | JUL 2007 | AUG 2007 | SEP 2007 | OCT 2007 | NOV 2007 | DEC 2007 | JAN 2008 | FEB 2008 | MAR 2008 | APR 2008 | MAY 2008 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| xxx-xx-4749 | AVILA, ISACC | | | | | | 127.00 | | | | | | | 127.00 |
| | **Total Hours** | | | | | | 127.00 | | | | | | | **127.00** |

**Rate Table**

| Fund | Rate | JUN 2007 | JUL 2007 | AUG 2007 | SEP 2007 | OCT 2007 | NOV 2007 | DEC 2007 | JAN 2008 | FEB 2008 | MAR 2008 | APR 2008 | MAY 2008 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare Fund | $7.9700 | | | | | | 1,012.19 | | | | | | | 1,012.19 |
| Pension Fund | $5.6800 | | | | | | 721.36 | | | | | | | 721.36 |
| Training Fund | $0.2200 | | | | | | 27.94 | | | | | | | 27.94 |
| Total | | | | | | | **1,761.49** | | | | | | | **1,761.49** |